**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 19-4376**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HERBERT TRAMINE SHAW, a/k/a Stuff,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:18-cr-00641-RBH-1)

—————————

Submitted:  February 9, 2022                 Decided:  February 11, 2022

—————————

Before NIEMEYER and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

—————————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

—————————

**ON BRIEF:**  William F. Nettles, IV, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  Justin William Holloway, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herbert Tramine Shaw pled guilty to two controlled substance offenses, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 851 (Counts 1 and 4), and to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 2). Pursuant to the written plea agreement, Shaw agreed to waive his right to appeal his convictions and any sentence, reserving the right to appeal based on claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law affecting his sentence. The district court sentenced Shaw to concurrent terms of 180 months in prison on Counts 1 and 4, and 120 months in prison on Count 2, for a total term of 180 months' imprisonment. Shaw timely appealed.

Counsel for Shaw has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of the guilty plea and whether Shaw knowingly and intelligently waived his right to appeal his sentence. Although informed of his right to do so, Shaw has not filed a pro se supplemental brief. The Government moves to dismiss the appeal as barred by the appellate waiver included in Shaw's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue[s] appealed [are] within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, and the record shows that the defendant understood the waiver's significance, the waiver is both valid and enforceable. *United States v.*

2

*Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).  Our review of the record confirms that Shaw's guilty plea was knowing and voluntary and that he knowingly and intelligently waived his right to appeal his sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of the appellate waiver.  We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope.  We affirm the remainder of the judgment.  This court requires that counsel inform Shaw, in writing, of the right to petition the Supreme Court of the United States for further review.  If Shaw requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Shaw.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3